

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-18,467-03

### EX PARTE ARTURO DELGADILLO, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 16-8200-W1 IN THE 12TH DISTRICT COURT
### FROM MADISON COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault and sentenced to twenty-five years' imprisonment. The sentence was cumulated with a fifteen year sentence Applicant was already serving in prison. It also appears that Applicant received one or more other cumulated sentences since being sentenced in these cases.

Applicant contends that he is being denied proper time-credit on his twenty-five year sentence due to an incorrect sentence begin date. Applicant has alleged facts that, if true, might entitle him to relief. *See Ex parte Stokes*, 15 S.W.3d 532 (Tex. Crim. App. 2000). In these

circumstances, additional facts are needed. As we held in *Ex parte Rodriguez,* 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit responding to the claim and indicating whether Applicant has submitted his claim to the time credit resolution system of TDCJ.

The trial court may also order depositions, interrogatories or a hearing. In the appropriate case, the trial court may rely on its personal recollection. *Id*. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant has properly exhausted his administrative remedies as required by TEX. GOV'T CODE § 501.0081(b)-(c). The trial court shall also make findings and conclusions as to whether Applicant is receiving the proper amount of time credit. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: January 11, 2017
Do not publish